**SO ORDERED: February 18, 2020.**



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RICHARD VERNON MATTSON, | ) Case No. 18-09103-JMC-7A |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| LAMB MECHANICAL SERVICES LLC, | ) |
| ED LAMB and JAY WILSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 19-50068 |
| | ) |
| RICHARD VERNON MATTSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court on (1) *Defendant's Motion for Partial Summary Judgment* filed by Richard Vernon Mattson ("Debtor") on November 29, 2019 (Docket No. 30) (the "First Motion"), and (2) *Defendant's Second Motion for Partial Summary Judgment* filed by Debtor on December 17, 2019 (Docket No. 31) (the "Second Motion"). The Court, having reviewed the First Motion and the *Affidavit of Richard Mattson* attached thereto, the Second

Motion and the *Affidavit of Richard Mattson* attached thereto, *Plaintiffs' Response in Opposition to Defendant's Motions for Partial Summary Judgment* filed by Lamb Mechanical Services LLC ("LMS"), Ed Lamb ("Lamb") and Jay Wilson ("Wilson" and collectively with LMS and Lamb, "Plaintiffs") on January 14, 2020 (Docket No. 36) and the exhibits attached thereto and filed subsequently (Docket No. 41) (collectively, the "Response"), the *Reply Brief in Support of Defendant's Second Motion for Partial Summary Judgment* filed by Debtor on January 27, 2020 (Docket No. 42), the *Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 and 727 of the Bankruptcy Code* filed by Plaintiffs on March 11, 2019 (Docket No. 1) (the "Complaint"), and *Defendant's Answer and Affirmative Defenses to Adversary Complaint* filed by Debtor on September 11, 2019 (Docket No. 21), having heard the representations of counsel for Plaintiffs and counsel for Debtor at a hearing on February 12, 2020 (the "Hearing"), and having delivered the ruling of the Court on the record at the Hearing, now **ISSUES** this written ruling:

**SUMMARY JUDGMENT STANDARD**

Debtor moves the Court to enter partial summary judgment in his favor and against Plaintiffs pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

To obtain summary judgment, Debtor must show that there is no genuine dispute as to any material fact and Debtor is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a). The burden rests on Debtor, as the moving party, to demonstrate that there is an absence of evidence to support the case of Plaintiffs, the nonmoving parties. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). After Debtor demonstrates the absence of a genuine issue for trial, the responsibility shifts to Plaintiffs to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. *Id*. at 324,

106 S. Ct. at 2553.  If Plaintiffs do not come forward with evidence that would reasonably permit the Court to find in their favor on a material issue of fact (and if the law is with Debtor), then the Court must enter summary judgment against Plaintiffs.  *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S. Ct. 2505, 2511-12 (1986)).

**FIRST MOTION**

In the First Motion, Debtor seeks summary judgment with respect to Counts V (denial of discharge pursuant to 11 U.S.C. § 727(a)(2)[1]), Count VI (denial of discharge pursuant to § 727(a)(3)) and Count VII (denial of discharge pursuant to § 727(a)(5)).  In the Response, Plaintiffs concede that the First Motion "should be granted by prior agreement of counsel" (Response, p. 3).  Accordingly, consistent with such agreement and as confirmed on the record at the Hearing, the Court shall enter judgment in favor of Debtor as to Counts V, VI and VII of the Complaint.

In the First Motion, Debtor "requests fees be granted to him for having to file this summary judgment …" (First Motion, p. 8).  Although Debtor does not offer any legal basis in the First Motion for an award of attorney fees, judgment on the First Motion will be entered without prejudice to Debtor's opportunity to seek to recover attorney fees, as requested in the First Motion, at the trial of this adversary proceeding.

**SECOND MOTION**

In the Second Motion, Debtor seeks summary judgment with respect to Count I

---

[1] All statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

(determination of dischargeability pursuant to § 523(a)(2)(A)) and Count II (determination of dischargeability pursuant to § 523(a)(2)(B)) as to all Plaintiffs, and with respect to Count III (determination of dischargeability pursuant to § 523(a)(4)) and Count IV (determination of dischargeability pursuant to § 523(a)(6)) as to Lamb and Wilson only.

### *Counts III and IV*

In the Response, Lamb and Wilson "agree to withdraw pursuit of the claims in their individual capacities and instead allow LMS to act as the only [p]laintiff in this action" (Response, p. 3), and "agree to dismiss [Lamb and Wilson's] individual claims in this adversary proceeding (Response, p. 12). The Court considers such agreements to be a motion for leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015. Such rule provides that this Court "should freely give leave when justice so requires". The Court concludes that justice requires the granting of such motion, and Plaintiffs are hereby given leave to amend the Complaint to remove Lamb and Wilson as party plaintiffs with respect to Counts III and IV. Such amended complaint should be filed by February 18, 2020, and Debtor should file his answer to such amended complaint by February 25, 2020.

### *Count II*

The dispositive issue in Count II is whether Debtor used "a statement in writing … respecting [Debtor's] … financial condition" (§ 523(a)(2)(B)(ii)). Plaintiffs assert that "Debtor created a false document purporting to show the success and sale of Debtor's former related business named Mattson Mechanical" (Complaint, ¶ 17). Plaintiffs rely on such "false document"[2] as the writing required by § 523(a)(2)(B) (Complaint, ¶ 40; Response, pp. 11-12).

---

[2] The document at issue is attached as Exhibit 2 to the *Declaration of Ed Lamb*, which is attached to the Response as Exhibit A.

A statement respecting financial condition that may be the subject of a § 523(a)(2)(B) action "means a balance sheet and/or profit and loss statement or other accounting of an entity's overall financial health and not a mere statement as to a single asset or liability." *Gehlhausen v. Olinger (In re Olinger)*, 160 B.R. 1004, 1010-11 (Bankr S.D. Ind. 1993) (*see In re Pollina*, 31 B.R. 975, 978 (D. N.J. 1983)). As described on the record at the Hearing, the Court concludes that the purported "false document" is not a written statement respecting Debtor's financial condition for purposes of § 523(a)(2)(B). The Court will enter summary judgment in favor of Debtor on Count II.

### *Count I*

As described on the record at the Hearing, the Court concludes that there are genuine issues of material fact as to the claim of LMS set forth in Count I, including with respect to whether Debtor obtained money, property or services from LMS by false pretenses, a false representation, or actual fraud as required by § 523(a)(2)(A). Therefore, the Court denies summary judgment as to Count I. The trial as to Count I will proceed.

In addition, based on Lamb and Wilson's agreement to withdraw pursuit of the claims in their individual capacities as described above, Plaintiffs are given leave to amend the Complaint to remove Lamb and Wilson as party plaintiffs with respect to Count I.

### *Request for Attorneys Fees*

In the Second Motion, Debtor "requests fees be granted to him for having to file this summary judgment as Plaintiffs should have dismissed these claims long ago for lack of merit" (Second Motion, p. 7). Debtor provides no legal basis in the Second Motion for an award of attorney fees. The request is hereby denied.

## CONCLUSION

Based upon the record before the Court and for the reasons set forth above and on the

record at the Hearing:

    (A)    by agreement of the parties, the Court will enter partial summary judgment in Debtor's favor as to Counts V, VI and VII of the Complaint;

    (B)    the Court will enter partial summary judgment in Debtor's favor as to Count II of the Complaint;

    (C)    the Court denies summary judgment as to Count I of the Complaint; and

    (D)    as to Counts I, III and IV of the Complaint, the Court grants Plaintiffs leave to amend the Complaint to remove Lamb and Wilson as party plaintiffs, with such amended complaint to be filed by February 18, 2020, and Debtor to file his answer to such amended complaint by February 25, 2020.

Trial of this matter is hereby continued to **April 27, 2020 at 10:00 a.m. EDT**, in Room 325, U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204.

The deadline by which the parties shall exchange and file final witness and exhibit lists is extended to **April 13, 2020**.

The deadline by which the parties may stipulate to background facts and the authenticity of documents is extended to **April 20, 2020**.

The parties may file briefs in support of their respective positions at least five (5) days prior to the continued trial date.

The Court will enter judgment accordingly contemporaneously herewith.

IT IS SO ORDERED.

# # #